Rogers v. Rollins et al., 185 Ill. App. 153.

In view of the possibility that the Superior Court may yet be called upon to pass on the merits of a motion made under section 89 of the Practice Act, supported and resisted by facts not disclosed by this record, we refrain from discussing in this opinion the merits of the facts presented here.

*Judgment reversed.*

---

**Lyman W. Rogers for use of Edward J. Ader, Appellee, v. Charles E. Rollins and Archibald O. Burdick, Appellants.**

**Gen. No. 18,438.    (Not to be reported in full.)**

Appeal from the County Court of Cook county; the Hon. WILLIAM F. SLATER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed February 4, 1914.

### Statement of the Case.

Action by Lyman W. Rogers for the use of Edward J. Ader against Charles E. Rollins and Archibald O. Burdick to recover for money paid by an insurance company to defendants as its agents for the purpose of adjusting a loss of an automobile which was insured in the name of Rogers, the nominal plaintiff, as the owner thereof. The insurance was taken out by a "binding receipt" issued pending the delivery of the policy and the automobile was destroyed by fire before the policy was delivered. After the loss occurred, Rogers assigned his interest in the insurance money to Ader, to whom the defendants refused to pay over the money. From a judgment in favor of plaintiff for nine hundred dollars, defendants appeal.

W. S. JOHNSON, for appellants.

FRIEDMAN & ADER, for appellee; J. W. MERRIAM, of counsel.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. ASSUMPSIT, ACTION OF, § 44*—*when assignee may maintain action for money had and received.* Where the right to insurance money has been assigned pending adjustment of loss and the insurance company delivers money to its agents to adjust the loss, the assignee may recover from the agents in an action for money had and received.

2. ASSUMPSIT, ACTION OF, § 88*—*when evidence of assignment admissible.* In an action for money had and received against agents of an insurance company for money received by them to pay a loss, evidence of an assignment of the benefits of the policy is admissible to show that the plaintiff, as assignee, is entitled in equity and good conscience to the money sent to the defendants.

3. ASSIGNMENTS, § 31*—*name in which assignee may sue.* Where an insurance company sends money to its agents to adjust a loss, an assignee of the insured's interest in the money is the equitable and bona fide owner of it and may maintain an action for it in his own name under section 18 of the Practice Act, J. & A. ¶ 8555, or in the name of his assignor for his use.

4. INSURANCE, § 54*—*when evidence shows unconditional authority of agents to pay loss.* In an action against agents of an insurance company to recover money sent to them to pay a loss, correspondence between the agents and the company *held* to show that they received the money to pay to plaintiff without a condition.

5. INSTRUCTION, § 92*—*when instruction to disregard incompetent testimony proper.* Instructions to disregard the testimony of a witness admitted without objection, *held* proper where the instruction amounted to a withdrawal from consideration of the jury of confessedly incompetent evidence.

6. APPEAL AND ERROR, § 1539*—*when giving of abstract instruction harmless.* In an action against agents of an insurance company to recover money received by them to pay a loss, the giving of an instruction stating an abstract proposition of law as applied to suits against an insurance company, *held* improper but harmless.

7. APPEAL AND ERROR, § 1256*—*when party cannot complain of favorable instructions.* Giving of an instruction more favorable to appellant than it would have been with the elements complained of omitted is harmless.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.